Peter Strojnik, Esq. – Arizona Bar No. 006464
**STROJNIK, P.C.**
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: strojnik@aol.com
*Attorney for Creditors Sabia*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In The Matter of:<br><br>Darren L. Scott and Kathryn A. Scott<br>AKA Kathryn A. Russell,<br><br>Debtors, | In Proceedings Under Chapter 7<br><br>NO. 3:13-bk-02829-DPC<br><br>**MOTION FOR RELIEF FROM STAY** |

Creditors Chris and Pam Sabia ("Movant"), by and through its attorneys undersigned, pursuant to 11 U.S.C. §§ 362 and F.R.B.P. and Local Rule 4001(a) and 9014, moves this Court for an Order granting relief from the automatic stay to permit the Maricopa County Superior Court to rule on post judgment motions filed by Debtor, including Debtors' Motion to Alter or Amend Judgment , Motion for New Trial and Motion to Stay Execution of or Any Proceedings to Enforce Judgment.

This Motion is supported by the following Memorandum of Points and Authorities and the entire record of this case.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Factual Background

1. On March 9, 2010, Defendants filed an abusive and malicious action against Creditors in the Maricopa County Superior Court under cause number CV2010-050329.

2. In May of 2012, the matter went to a jury which returned a verdict in favor of the Creditor.

3. Judgment in favor of the Creditors was signed on or about October 12, 2012.

4. On November 19, 2012, Creditors filed a lawsuit against Debtors and their lawyers for, inter alia, abuse of process.

5. Thereafter, still in October of 2012, Debtors' Motion to Alter or Amend Judgment , Motion for New Trial and Motion to Stay Execution of or Any Proceedings to Enforce Judgment.

6. On February 28, 2013, Debtors filed the current petition.

7. On July 1, 2013, at a Court hearing in CV2010-050329, the Court instructed counsel to seek a lift of stay to allow the court to rule on , Debtors' Motion to Alter or Amend Judgment , Motion for New Trial and Motion to Stay Execution of or Any Proceedings to Enforce Judgment.

## II. LEGAL AUTHORITY

Creditors Sabia believe that 11 U.S.C. § 362 does not apply to consideration of *Debtors'* various post-trial verdict and judgment motions. The case has been decided, the Jury has spoken, and the Trial Judge has executed a judgment against the Debtors and in favor of Creditors Sabia.

In addition, pursuant to 11 U.S.C. §362(d)(1), Movant is entitled to relief from the automatic stay to enforce its rights and remedies for cause. Because there is no clear definition of what constitutes cause, discretionary relief from the automatic stay must be determined on a case by case basis. *In re Castlerock Props.*, 781 f.2d 159, 163 (9th Cir. 1986). "Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial." *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990) *citing Castlerock*, 781 F.2d at 163. In determining whether cause exists to grant relief from the automatic stay to allow pending litigation to continue in another forum, the Ninth Circuit considers the following list of non-exclusive factors:

1. Whether the relief will result in a partial or complete resolution of the issues;

2. The lack of any connection with or interference with the bankruptcy case;

3. Whether the foreign proceeding involves the debtor as a fiduciary;

4. Whether a specialized tribunal has been established to hear the particular cause of action and that;

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7. Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10. The interest of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial;

12. The impact of the stay on the parties and the "balance of hurt."

*In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009) *citing* In re Curtis, 40 B.R. 795 (Bankr. D. Utah 1984). By reason of the foregoing, Movant is entitled to stay relief under §362(d)(1).

RESPECTFULLY SUBMITTED this 1st day of July, 2013.

**STROJNIK, P.C.**

/s/
_____
Peter Strojnik
Attorney for Creditors Sabia

| | |
|---|---|
| 1 | The foregoing electronically filed this 1st day of July, 2013, with: |
| 2 | |
| 3 | Clerk of the Court<br>United States Bankruptcy Court |
| 4 | 230 N. First Avenue, Suite 101<br>Phoenix, Arizona 85003 |
| 5 | |
| 6 | And a copy mailed to: |
| 7 | James Schollian, Esq. |
| 8 | 1146 North Mesa Drive, Suite 102<br>Mesa, Arizona 85201 |
| 9 | Attorney for Debtor |
| 10 | **CONSTANTINO FLORES** |
| 11 | PO BOX 511<br>PHOENIX, AZ 85001-0511 |
| 12 | Trustee |
| 13 | /s/ |