James Schollian ASB 022015
𝔖𝔠𝔥𝔬𝔩𝔩𝔦𝔞𝔫 𝔏𝔞𝔴 𝔉𝔦𝔯𝔪, 𝔓.𝔒.
1146 North Mesa Drive, Ste. 102, Box 252
Mesa, AZ 85201
Tel: 602-692-9681
Fax: 602-266-8097
E-mail: scholljjs1@gmail.com
Attorney for Petitioner

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZOINA

| | |
|---|---|
| In Re: Darren Scott & Kathryn Scott<br><br>Chapter 7 Debtors | Debtors' Response to Chris Sabia's and Pam Sabia's Motion for Relief From Stay and Request For Preliminary Hearing<br><br>Chapter 7 Case No. 3:13-bk-02829-DPC |

I.   Introduction

Debtors, by and through their attorney of record, hereby responds to the Motion for Relief From Stay submitted to this Court by Chris Sabia and Pam Sabia, ("Creditors"), motion be denied on the grounds that there is no legal or factual basis for the requested relief.  Debtors request that the

II.   Statements of Fact

1. Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 28, 2013;

2. Prior to filing the Voluntary Petition in this matter, the Debtors filed a cause of action against the Creditors in Maricopa County Superior Court.  Debtors pursued a claim against the Debtors for alleged damages arising out of a real estate transaction, (Maricopa County Superior Court Civil Case No. cv2010-05329), ("Real Estate Matter");

- 1

3. The Real Estate Matter was tried before the Maricopa County Superior Court. Judgment was entered against the Debtors on October 19, 2012;

4. The Judgment against the Debtors included an amount of $75,000.00 for attorney fees, in favor of Peter Storjnik, the attorney of record for the Creditors in this matter;

5. Subsequent to the entry of Judgment against the Debtors in the Real Estate Matter, Creditors and Mr. Peter Storjnik filed a lawsuit against the Debtors, and the Debtors' counsel in the Real Estate Matter for, among other things, "abusive process" in the Maricopa County Superior Court on October 19, 2012, (Maricopa County Civil Case No. CV2012-016507, ("Collection Action");

6. The primary purpose of the Collection Action was for the Creditors and Mr. Storjnik, and his law firm, to collect the fees and costs incurred in the Real Estate Action, and to enforce the judgment against the Debtors in the Real Estate Action;

7. At least one of the counts asserted by the Creditors against the Debtors, including a RICO claim alleging an "artifice to defraud," has been dismissed by the Maricopa County Superior Court. See Exhibit A, a true and accurate copy of Minute Entry dated abc in the Collection Action;

8. Neither the Creditors, nor Mr. Storjnick, have allowed secured claims against the Debtors, nor have they asserted any;

9. Neither the Debtors nor Mr. Storjnick have any liens on any of the property of the Debtors' bankruptcy estate;

10. The Creditors are continuing the Collection Action in the Maricopa County Superior Court against all other parties in that matter;

11. On March 21, 2013, Mr. Peter Strojnik, counsel for the Creditors, filed a proof of claim in this matter for 2,500,000.00, with do supporting documentation.

### III. Argument

#### A. <u>Movant Has No Legal Basis for Relief From The Automatic Stay</u>

11 U.S.C. 362(a) states in pertinent part:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title. . .operates as a stay, applicable to all entities, of----

**(1)** the commencement or *continuation*, including the issuance or employment of process, *<u>of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title,</u>* or to recover a claim against the debtor that arose before the commencement of the case under this title;
**(2)** *the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;*

Creditors assert that this Court must grant relief from the automatic stay in this matter in order to allow the parties to pursue the "rights and remedies," in a state court action. Creditors justify their request by citing 11 U.S.C. § 362(d)(1), asserting that "movant is entitled to relief for "cause,"

However, nowhere in Movants motion for relief from stay is there any clear assertion at to exactly what the Movants' "cause," is, that would justify any relief from stay in this matter. The Debtors' motion asserts that they should be granted relief for, "cause." But nowhere is there any clear articulation as to exactly what "cause," the Movant has to be given an exception to the Automatic Stay in this matter.

To support their vague request, Movants set for the cases of *In re Castle Props*, 781 F.2d 195, 163 (9TH Cir. 1990) and *In re Tucson Estates*, Inc. 912 F.2d 1162, 1166 (9th Cir. 1990). Neither of this case are relevant to the Creditors request.

- 3

Both of the cited cases deal with the issue of the Bankruptcy Court's jurisdiction, to decide issues between the parties that are being litigated in state courts. This is not the relief the Creditors are asking for. The Creditors are asking this Court to grant them relief from stay, so they can sue the Debtors and get a judgment against them, and thereafter move forward to collect upon any such judgment obtained, as well as collect on the judgment the Movants have already obtained in the Real Estate Action. The Creditors have now shown that they have any cause to justify such relief.

The Movants have not demonstrated that they have a need for adequate protection. Nor is there any showing that the Movants possess alien on any of the property of the Bankruptcy Estate.

The movants then set forth a list of twelve (12) factors upon with the 9th Circuit considers when allowing relief from the automatic stay in order to allow litigation to continue in a different forum. However, none of the twelve (12) factors listed apply in this matter.

Credits have failed to demonstrate that there is any cause to justify relief from stay in this matter. Creditors are attempting to obtain relief from the stay, in order to obtain a judgment against the Debtors. Any judgment the Creditors could obtain from the present causes of action would be subject to discharge under 11 U.SC. §727.

The automatic in this matter does and has not prevented the Creditors from perusing their remedies against all other parties that are subject to the Collection Matter. If the Credit are successful in the causes of action against and all other defendants, they are free to pursue any and all available remedies against said parties. However, there is no justification to grant the Creditors relief from stay in order to allow the Creditors to obtain a judgment against the Debtors in the Maricopa County Superior Court, in the Collection Action.

- 4

**IV    Request for a Hearing**

11 U.S.C. §362(d)(1) states in pertinent part: **(d)** On request of a party in interest *and after notice and a hearing,* the court shall grant relief. . . from the stay provided under subsection.  Wherefore, Debtors request the setting of a hearing on this matter, before the Court grants the Creditors any of the relief requested.

Wherefore, Debtors pray for the following relief in this matter:

1. An order denying the movants motion for relief from stay in this matter;

2. In the alternative, the setting of a hearing in this matter;

3. An order of judgment of costs and attorney fees against the movants;

4. Any and all other relief this Court sees fit to grant.

RESPECTFULLY SUBMITTED this 15th day of July 2013

/s/ James Schollian
James Schollian
Attorney for Debtors

A true and accurate copy of the
Above-stated documents has been
Sent via first class mail to the
following parties this 15th day
of July 2013.

Peter Strojnik, Esq.
2415 East Camelback, Suite 700
Phoenix, AZ 85016

/s/ James Schollian

- 5