James Schollian ASB 022015
𝔖𝔠𝔥𝔬𝔩𝔩𝔦𝔞𝔫 𝔏𝔞𝔴 𝔉𝔦𝔯𝔪, 𝔓.𝔊.
1146 North Mesa Drive, Ste. 102, Box 252
Mesa, AZ 85201
Tel: 602-692-9681
Fax: 602-266-8097
E-mail: scholljjs1@gmail.com
Attorney for Petitioner

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZOINA

| | |
|---|---|
| In Re: Darren Scott & Kathryn Scott<br><br>Chapter 7 Debtors | Debtors' Motion To Strike Order Dated March 25, 2013<br><br>Chapter 7 Case No. 3:13-bk-02829-DPC |

I. Introduction

Debtors, by and through their attorney of record, in accordance with Federal Bankruptcy Rule 9024, and Federal Rule of Civil Procedure 60(b)(5), on the grounds that enforcing the judgment is no longer equitable, and on grounds that it is in the best interests of justice, given the present circumstances in this matter, to set aside the order.

I. Statement of Facts

1. Debtors filed a voluntary bankruptcy petition in this matter on February 28, 2013, ("Date of Filing");

2. Prior to filing their voluntary petition, the Debtors engaged, in good faith, in litigation against certain parties, including the Pamela Sabia and Chris Sabia, ("Sabias"), for alleged damages arising out of a real estate transaction, in the Maricopa County Superior Court ("Real Estate Matter");

3. The Sabias included in the Real Estate Matter, as defendants therein, the Debtors' legal counsel in the Real Estate Matter, the law firm of Sherman & Howard, L.L.C.;

4. At the present time, the Debtors have not waived their attorney client privledge between themselves and their previous attorneys at Sherman & Howard, L.L.C.;

5. On October the 16, 2012, at the conclusion of the Real Estate Matter, judgment was entered against Debtors for the attorney fees incurred by the opposing parties in the amount of approximately $78,000.00;

6. On or about November 19, 2013, Mr. Peter Srojnik filed on behalf of the Sabias and other parties, a law suit against the Debtors, and their previous legal counsel that represented them in the Real Estate Action, alleging four (4) causes of action, to wit: a) abuse of process; b) aiding and aiding; c) civil conspiracy and (d) engaging in a pattern of unlawful activity in violation of A.R.S. 13-2314.04 (RIC0), in the Maricopa County Superior Court, ("Second State Action");

7. To the best of the Debtors' knowledge and information, the Debtors have never been served with a summons or complaint in the Second State Action either prior to the Date of Filing or After the Date of Filing;

8. In the Second State Action, the Sabias claim damages against the Debtors, in the amount of $2.5M;

9. No judgment in Second State Action has been entered against any party;

10. The Third Cause of Action, and the Fourth Cause of Action in the Second State Action have been dismissed by the Maricopa County Superior Court. *See* Exhibit A, Minute Entry Dated May 1, 2013; *see also* Exhibit B, Minute Entry Dated May 3, 2013;

11. On March 23, 2013, Mr. Strojnik filed Proof of Claim No. 1 in this matter, on behalf of the Sabias in the amount of 2.5M. The Proof of Claim states that the Sabias have a "Judgment of Abuse of Process." No supporting documentation is included with the Proof of Claim.

12. On March 25, 2013 this Court executed a Rule 2004 Order, in accordance with an order by Sibias' counsel, in which the Court required the Debtors to provide substantial documentation as to all aspects of their Chapter 7 filing, pursuant to an anticipated Rule 2004 deposition;

13. On May 9, 2013 this matter was dismissed;

14. On May 30, 2013, this matter was reinstated and Debtors obtained new counsel;

15. On April 29, 2013, Mr. Strojnik filed an Adversary Proceeding on behalf of Chris Sabia and Pamela Sabia, (Adversary No. 3:13-ap-00499). The Adversary was dismissed by this Court on June 24, 2013, for the failure of Plaintiffs to prosecute the matter.

16. On July 16, 2013, Debtors, by and through counsel, responded to Sabias' previous request for relief from stay to pursue the Second State Action, (*See* Docket Entry No. 36). Said response incorporated herein by this reference.

17. As of the date of this pleading, July 25, 2013, Debtors' Counsel, Mr. James Schollian, has never received any correspondence from Sabias' counsel in any form whatsoever, in order to resolve any discovery dispute.

## II. Analysis

### A. Enforcing the Judgment Is No Longer Equitable

Federal Rule of Civil Procedure 60(b)(5) states in relevant part:

(b) On motion and just terms, the court may relieve a party from a. . .order. . .for the following reasons: . . .applying it prospectively is no longer equitable.

*In Bellevue Manor Associates v. United States,* 165 F.3d 1249 (9th Cir. 1999), the Ninth Circuit Court of Appeals set forth a three (3) part standard for relief under Federal Rule 60(b)(5) under the "equity provision:" 1) a substantial change in circumstances or law since the order was entered; 2) extreme and unexpected hardship in compliance with the order; and 3) a good reason why the court should modify the order.

A substantial change in circumstance has occurred in this matter since this Court executed the order in this matter on March 25, 2013. The Sabias' have, since the execution of this Court's order, surrendered their opportunity to seek a nondischargeability ruling of their claims in this Court.

The Sibias previously submitted to this Court Adversary No. 3:13-ap-00499, which was dismissed on June 27, 2013 for failure to prosecute.

Federal Bankruptcy Rule 7041 applies Federal Rules of Civil Procedure Rule 41 to the dismissal of adversary proceedings. Federal Rule of Civil Procedure 41(b) states in relevant part:

If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . .Unless the dismissal order states otherwise, a dismissal under this subdivision (b), *and any dismissal not under this rule, . . .operates as an adjudication on the merits."*

Emphasis Added

The order of this Court dated June 27, 2013 dimissing the Adversary Proceeding makes no exceptions or qualifications. The order specifically states that the matter is dismissed for

"failure to prosecute." Consequently, in accordance with Federal Rule of Civil Procedure 41(b), the Sibias opportunity in this matter to pursue a nondischargeability action against the Debtors in this matter regarding their claims has been forfeited. There is no need to the Debtors to produce the extensive documentation the Sabias have demanded through this Court's March 25, 2013 order.

Enforcing this Court's March 25, 2013 order would be an extreme hardship to the Debtors. The Debtors have lost their life savings in the recent collapse of the real estate market and have no exempt assets. To produce the extra ordinary amount of documentation of every aspect of the Debtors' bankruptcy filing would cost the Debtors thousands of dollars that they do not have. The Sabias have set forth no justification for their request for such documentation. Given the fact that the Sabias have surrendered their right to seek a nondischargeability action in this matter, there is no justification for requiring the debtors to go to such great expense.

Even if the Sabias were able to move forward with their pending action against the Debtors in the Second State action, the Sabias would not be able to then come before this Court and pursue a nondischaregability against the Debtors. Consequently, upon the execution of an order of discharge in this matter, the Sabias will be barred from collecting any judgments they may ultimately gain against the Debtors in the Second State Action.

Finally, the "good reasons" this Court should set aside its March 25, 2013 order is that the Sabias' request for such documentation is nothing more than harassment. And, the execution of the Order can result in compromise of the attorney client privildge between the Debtors and their previous counsel, Sherman & Howard, L.L.C. The District of Arizona has ruled that a Rule 2004 examination must be *relevant* and *reasonable*. See *In re Int' Fibercom, Inc.,* 283 B.R. 290, (Bankr. D.Ariz., 2002). Emphasis Added.

- 5
Case 3:13-bk-02829-DPC    Doc 41    Filed 07/25/13    Entered 07/25/13 05:48:09    Desc
Main Document    Page 5 of 7

There is nothing reasonable nor relevant regarding the Sabias request of voluminous documents from the Debtors, or their request for a Rule 2004 examination. The Sabias have no prospect of collecting any monetary recovery from the Debtors. As previously stated, even if the Sabias were to be successful in the Second State action in obtaining a judgment against the Debtors, the Sabias have no opportunity to seek a nondischargeability ruling from this Court regarding their presently contingent and liquidated claim.

III    Conclusion

This Court's Order Dated March 25, 2013 requiring extensive discovery and a Rule 2004 Deposition of the Debtors should be set aside. The enforcement of the Order is not equitable nor just. A substantial change in circumstances has occurred since the order was executed by this Court. The Sabias have forfeited their right to seek a nondischargeability ruling from this Court. Requiring extensive discovery from the Debtors would be very costly, and would exact an undue burden upon the Debtors. There is a good reason for this Court to set aside the Order, inasmuch as its enforcement only leads to the harassment of the Debtors by the Sabias.

Wherefore, Debtor prays for the following relief from this Court:

1. An order striking this Courts previous order of March 25, 2013;
2. Any and all other relief this Court sees fit to grant.

RESPECTFULLY SUBMITTED this 25th day of July 2013

                                                /s/ James Schollian
                                                James Schollian
                                                Attorney for Debtors

A true and accurate copy of the
above-stated documents has been

sent via first class mail to the following parties this 25th day of July 2013 to all the Debtors' the following parties:

Mr. Peter Stojnik
2415 East Camelback, Ste. 700
Phoenix, AZ 85016
strojnik@aol.com

/s/ James Schollian